**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2250
_____

UNITED STATES OF AMERICA

v.

GEORGE ANDRIANOPOULOS,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:07-cr-00826-1)
District Judge: Hon. Katharine S. Hayden

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2010

Before: BARRY, CHAGARES, and VANASKIE, Circuit Judges.

(Filed November 30, 2010)

_____

OPINION
_____

CHAGARES, Circuit Judge.

George Andrianopoulos appeals from a final judgment of sentence by the United States District Court for the District of New Jersey. For the reasons set forth below, we will affirm Andrianopoulos's sentence.

## I.

Because we write solely for the benefit of the parties, we will only briefly recite the facts. Andrianopoulos was involved in an extensive check fraud scheme in which he would manufacture counterfeit checks that bore the names of actual banks and had real bank routing numbers, but contained fake names and account numbers. These counterfeit checks would then be given to purchasers, along with fake identifications to match the names on the checks, and the checks would be used to buy merchandise at retail stores. Following the purchases, the goods would be sold for cash.

Andrianopoulos was arrested on January 13, 2004, and pled guilty to conspiracy to commit wire fraud on April 2, 2008. He was then sentenced on April 7, 2009 to 48 months imprisonment, and was ordered to pay $656,438.80 in restitution. This sentencing reflected the District Court's determination that Andrianopoulos was the leader of the conspiracy, and the amount of restitution that was ordered was the full amount of the loss suffered from the conspiracy, and not merely the amount that was lost due to the false checks passed by Andrianopoulos himself. Andrianopoulos filed a timely appeal with this Court, alleging that the District Court erred in determining that he exercised a leadership role in the conspiracy and in requiring that he be responsible for all of the monetary loss occasioned by the conspiracy. For these reasons, he asserts that his sentence was substantively unreasonable and urges this Court to vacate his sentence and remand the case to the District Court for resentencing.

II.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231 and this Court has jurisdiction under 28 U.S.C. § 1291.[1] Our review of the District Court's sentencing proceeds in two stages: first, we ensure that no procedural errors occurred, and second, we examine the substantive reasonableness of the sentence. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). At both of these steps, we apply an abuse of discretion standard, and will not reverse "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Id. at 567-58.

III.

Andrianopoulos does not assert that any procedural errors occurred at his sentencing, and none appear to this Court, so we will focus our discussion on the substantive reasonableness of Andrianopoulos's sentence. As the District Court did not

---

[1] At the time that Andrianopoulos filed his appeal, a notice of appeal in a criminal case must have been filed within 10 days of the entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1). Andrianopoulos was sentenced on April 7, 2009, and the judgment was entered on April 9, 2009. Andrianopoulos filed his notice of appeal on April 24, 2009. On May 5, 2009, the Clerk's Office filed an order stating that the appeal did not appear to have been timely filed and directing the parties to submit briefing on that issue.

Under the Rules of Appellate Procedure as they existed in April of 2009, "intermediate Saturdays, Sundays, and legal holidays" were to be excluded when calculating the timeliness of an action if the period of time was under 11 days. Fed. R. App. P. 26(a)(2). The rule also defined a legal holiday as including "any other day declared a holiday by . . . the state in which is located either the district court that rendered the challenged judgment or order, or the circuit clerk's principal office." Fed. R. Civ. P. 26(a)(4). In 2009, Good Friday, which is a legal holiday in New Jersey, fell on April 10. The 10-day period for filing a notice of appeal therefore did not expire until April 24, 2009, making Andrianopoulos's appeal timely.

3

abuse its discretion in determining that Andrianopoulos was a leader of the conspiracy or in requiring that he pay restitution for all of the damages caused by the conspiracy, its sentence was not unreasonable, and we will affirm it.

Andrianopoulos alleges three substantive errors in the District Court's discussion of the 18 U.S.C. § 3553(a) factors: its consideration of the nature and circumstances of his offense; its treatment of his acceptance of responsibility; and its failure to determine that adequate alternative sentences were available. At the heart of all of these arguments is Andrianopoulos's assertion that he was not the leader of the conspiracy, and that the District Court erred in sentencing him based on its conclusion that he played a managerial role in the conspiracy.

Andrianopoulos points to facts on the record that could allow a reasonable person to reach a decision different from that reached by the District Court. This, however, does not compel a conclusion that the District Court abused its discretion. The District Court relied on specific evidence on the record in concluding that Andrianopoulos was a leader of the conspiracy. There was evidence that connected Andrianopoulos to the production of checks, the recruitment of individuals to use checks, the selection of stores at which the checks would be used, the transportation of co-conspirators to stores for purposes of using the checks, and the selling of the goods after they were purchased. This evidence indicates participation by Andrianopoulos at every level of the conspiracy, and was sufficient to allow the District Court reasonably to conclude that he was a leader of the conspiracy. The fact that some of this evidence was supplied by co-conspirators who were working with the Government as part of their plea agreements does not make it

4

inherently unreliable, and the District Court did not abuse its discretion either in relying on this evidence or in classifying Andrianopoulos as a leader of the conspiracy.

Turning back to Andrianopoulos's arguments in relation to the § 3553(a) requirements, the District Court did not unreasonably consider the nature and circumstances of Andrianopoulos's crime. As noted above, it reasonably construed the evidence to determine that Andrianopoulos was a leader of the conspiracy and could be held responsible for all of the harm that resulted from the conspiracy. Once this reasonable factual determination was made, it was not unreasonable for the District Court to take into account that Andrianopoulos did not accept full responsibility of his leadership role in the conspiracy. Finally, it was not unreasonable for the District Court to reject, as an alternative sentence, Andrianopoulos's proposal that he be sentenced as a member, rather than a leader, of the conspiracy. Much as it would not be inappropriate to refuse to sentence an individual convicted of first degree murder to a term of years appropriate for manslaughter, the District Court did not abuse its discretion in refusing to sentence Andrianopoulos as a member in the conspiracy after it concluded that he was the leader of the conspiracy. As Andrianopoulos has not shown any substantive unreasonableness in the District Court's consideration of the sentencing factors, we will affirm his sentence.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.